

RECEIVED
MAR 18 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:_____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LILLIE FAYE LAMPKIN | CIVIL ACTION NO: 14-0151 |
| VERSUS | JUDGE DONALD E. WALTER |
| STRYKER SALES CORP. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Second Motion to Dismiss [Doc. #20] filed by the Defendant, Stryker Sales Corp. ("Stryker").[1] Stryker moves to dismiss this matter, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff, Lillie Faye Lampkin ("Lampkin"), failed to file a timely opposition.[2] For the reasons assigned herein, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff originally filed this lawsuit on September 26, 2013 in the 26th Judicial District Court, in and for the Parishes of Bossier and Webster, State of Louisiana.[3] Stryker filed a notice of removal, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), commencing the

---

[1] The instant motion was filed as a result of the Court terminating Stryker's first motion to dismiss, in light of Plaintiff's decision to file a Second Amended Complaint, substantially different than the prior complaint, rather than opposing the first motion to dismiss. [Doc. #18]. The Court granted Stryker leave to file a new motion to dismiss, specifically addressing the sufficiency of Plaintiff's Second Amended Complaint. This motion followed.

[2] Although Plaintiff clearly did not file an opposition to the instant motion, Plaintiff did file a "Response in Opposition" to the Court's order terminating the Defendant's first motion to dismiss and setting a deadline by which Defendant should file a second motion to dismiss, directed toward Plaintiff's Second Amended Complaint. *See* Doc. #18 (order) and Doc. #19 (Plaintiff's response in opposition thereto).

[3] Doc. #1-1.

action in this Court on January 30, 2014.[4] As described in Plaintiff's Second Amended Complaint, this case involves "a personal injury/products liability action brought by Plaintiff against Defendant in regard to the design, testing, manufacturing, labeling, marketing and sale of the Stryker Press–Fit Total Hip and any or all of its components or accessories, that was used in a total hip replacement that was implanted in Plaintiff's body."[5] Plaintiff claims that the implantation of the Press-Fit Total Hip caused pain and complications, ultimately resulting in two follow-up surgeries.[6] Plaintiff alleges that, as a direct and proximate result of Stryker placing the Press-Fit Total Hip into the stream of commerce, Plaintiff has suffered injuries and damages, including pain and suffering, as well as medical, hospital, rehabilitative and pharmaceutical expenses.[7]

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A pleading will survive a motion under Rule 12(b)(6) if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4] Doc. #1.

[5] Doc. #14, p. 1.

[6] *Id.* at pp. 4-7.

[7] *Id.* at p. 8.

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As stated, this is a product liability action, alleging injuries from an unspecified defect in a Stryker Press-Fit Total Hip implanted into Plaintiff's left hip. Defendant argues that Plaintiff's complaint is subject to dismissal under Rule 12(b)(6) for two reasons: first, Plaintiff has sued Stryker under various theories of recovery not available under Louisiana law; and second, Plaintiff has failed to plead any facts in support of her legal claims.

In considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In other words, a Rule 12(b)(6) motion to dismiss "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations...." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). And, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true" by a motion to dismiss. *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974). Therefore, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Stryker is correct that the Louisiana Products Liability Act ("LPLA") provides the exclusive remedy against a manufacturer for damages caused by its product. La. R.S. 9:2800.52. A plaintiff may not recover against a manufacturer of an allegedly defective product under any theory of liability that is not set forth in, and established by, the LPLA. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002). The statute provides that a

manufacturer "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. R.S. 9:2800.54(A). A product is considered unreasonably dangerous under the statute if, and *only* if, it is unreasonably dangerous: (1) in construction or composition, (2) in design, (3) because of inadequate warning, or (4) because of nonconformity to an express warranty. La. R.S. 9:2800.54(B) (emphasis added). "While the statutory ways of establishing that a product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, neither negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer." *Jefferson v. Lead Industries Association, Inc.,* 930 F. Supp. 241, 245 (E.D. La. 1996), *aff'd*, 106 F.3d 1245 (5th Cir. 1997) (citations omitted). Likewise, breach of implied warranty is not available as a theory of recovery for personal injury. *Id.*

Plaintiff fails to cite the LPLA anywhere in her Second Amended Complaint. Instead, Plaintiff describes the hip replacement surgery, and two follow-up surgeries, by reciting the operative summaries applicable to each medical procedure. In no way does Plaintiff attempt to extract from these summaries which, if any, specific facts or occurrences stated therein might underlie a particular theory of recovery against Defendant Stryker. Indeed, as noted by Stryker, the summaries appear to indicate successful procedures on the face of the pleading. Following the operative summaries, Plaintiff proceeds to list eight "causes of action," including: negligence; breach of express and implied warranties; strict liability - failure to warn, design

defect, manufacturing defect, and failure to adequately test; and punitive damages.[8] Although Plaintiff's allegations appear to somewhat correlate with theories of recovery available under the LPLA, such efforts amount to nothing more than "threadbare recitals... supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. These allegations, totally lacking the support of any specific facts, are insufficient. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Plaintiff has utterly failed to plead any facts that might raise Plaintiff's right to relief above that of mere speculation.

## CONCLUSION

Accordingly, for the foregoing reasons, the Second Motion to Dismiss [Doc. #20] is hereby **GRANTED**. Plaintiff's claims, as set forth in the Second Amended Complaint, are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 18 day of March, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[8] Although mooted by this ruling, the Court notes that Plaintiff's claim for punitive damages is subject to dismissal for reasons separate and apart from those enunciated herein. Louisiana has a general public policy against the award of punitive damages; an award of punitive damages is not allowed unless specifically provided for by statute. *See Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002) (citations omitted). Punitive damages are not authorized under the LPLA and would therefore not be available in the case *sub judice*. *See Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 770 (W.D. La. 2007).